UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Minnesota Life Insurance Company et al,   Civil No. 12-2671 (ADM/LIB)

    Plaintiffs,

v.  **ORDER**

Credit Suisse First Boston Mortgage
Securities Corporation et al,

    Defendants.

___

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A), upon Defendants' motion for an extension of time to respond.

On October 25, 2012, Defendants filed a Motion for Extension of Time to File Answer or Otherwise Respond to Complaint. (See Docket No. 4). Defendants request an extension until December 3, 2012 to either answer the complaint or obtain a hearing date for and file a motion to dismiss.[1] (Id.)

Prior to the removal of this matter from state court, Plaintiffs and Defendants had entered into a stipulation in the state court proceeding for the same extension that Defendants now request of this Court. (See Aff. of Brooks F. Poley [Docket No. 6], Ex. 1 at 1-3).

Although Defendants drafted and proposed a stipulation to Plaintiffs in the present case for these same extensions, Plaintiffs' counsel was apparently reluctant to sign such a stipulation in this Court because Plaintiffs' counsel "did not want their signature on the [stipulation] to be

---

[1] In filing the present motion, Defendants clarified that they believe they would be required to serve and file upon Plaintiffs', by December 3, 2012, a Notice of Motion and Motion, Memorandum of Law, and any affidavits and exhibits to be submitted in conjunction with a motion to dismiss in lieu of serving their responsive pleading to the complaint.

construed in any way as an affirmative act which might adversely impact Plaintiffs' right to seek remand of this action." (See Aff. of Sarah E. Madsen [Docket No. 7] ¶ 7). The Court notes, however, that nowhere in any submission to the Court related to the present motion have Plaintiffs made any affirmative representation that they oppose the motion.

Federal Rule of Civil Procedure 6(b), upon which Defendants' request appears to be based, provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." The Court finds that in light of the parties' prior stipulation for a similar extension of deadlines in the state court proceeding, Defendants' apparent reliance thereon, and the lack of affirmative opposition by Plaintiffs now before this Court regarding Defendants' present motion, there is good cause to extend the deadline for Defendants to file an answer or bring a motion to dismiss in lieu thereof.

Therefore, the Court will extend until December 3, 2012 the time for Defendants to either serve and file an answer or alternatively to obtain a hearing date, serve and file[2] a motion to dismiss.[3]

BY THE COURT:

Dated: November 14, 2012      s/Leo I. Brisbois
                              Leo I. Brisbois
                              U.S. MAGISTRATE JUDGE

---

[2] See, n. 1, *supra*.
[3] Plaintiffs have informed the Court that they have scheduled a hearing for Plaintiffs' Motion to Remand with the Honorable Ann D. Montgomery for January 23, 2012 at 9:00 a.m. The Court's extension with respect to the deadlines provided above should not be construed to in any way impact the deadlines for Plaintiffs' to file their motion to remand (or any documents in support of that motion), which is governed by 28 U.S.C. § 1447(c). See gen., Kachmarski v. Dakota Bodies, Inc., 2010 WL 4910891, at *3 (E.D. Pa. Nov. 30, 2010) (finding that an extension of the time to answer did not extend the time to consent to removal).