# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Minnesota Life Insurance Company,
Securian Financial Group, Inc., Securian
Funds Trust, and Securian Foundation,

        Plaintiffs,               **MEMORANDUM OPINION AND ORDER**

    v.                             Civil No. 12-02671 ADM/LIB

Credit Suisse First Boston Mortgage Securities
Corp., Credit Suisse Securities (USA) LLC
(f/k/a Credit Suisse First Boston, LLC),
and DLJ Mortgage Capital, Inc.,

        Defendants.

_____

David M. Wilk, Esq., Sarah E. Madsen, Esq., and Lawrence R. King, Esq., Larson King LLP, St. Paul, MN, on behalf of Plaintiffs.

Brooks F. Poley, Esq., Winthrop & Weinstine, P.A., Minneapolis, MN, and Richard W. Clary, Esq., Julie A. North, Esq., Richard J. Stark, Esq., and Michael T. Reynolds, Esq., Cravath, Swaine & Moore LLP, New York, NY, on behalf of Defendants.

_____

## I. INTRODUCTION

On January 23, 2013, the undersigned United States District Judge heard oral argument on Plaintiffs Minnesota Life Insurance Company, Securian Financial Group, Inc., Securian Funds Trust, and Securian Foundation's ("Plaintiffs") Motion to Remand or Abstain [Docket No. 16] and Defendants Credit Suisse First Boston Mortgage Securities Corp., Credit Suisse Securities (USA) LLC (f/k/a Credit Suisse First Boston, LLC), and DLJ Mortgage Capital, Inc.'s (collectively, "Defendants") Motion to Dismiss [Docket No. 22]. For the reasons set forth below, Plaintiffs' Motion is granted, and Defendants' Motion to Dismiss is not reached.

## II. BACKGROUND

The Complaint in this action was filed in the Second Judicial District of Minnesota, County of Ramsey, on September 19, 2012. See Notice of Removal [Docket No. 1] Ex. A ("Complaint"). Plaintiffs allege Defendants fraudulently sold Plaintiffs over $43 million in residential mortgage-backed securities (the "Certificates"). Id. ¶ 5. According to the Complaint, Defendants issued prospectuses, term sheets, loan tapes, and other written materials (the "Offering Materials") that misrepresented the quality of the Certificates Defendants sold to Plaintiffs. Id. ¶¶ 1-4. Defendants allegedly represented that the Certificates were backed by pools of mortgage loans with conservative risk profiles, while at the time Defendants knew the Certificates included loans that did not comply with underwriting standards and that had been issued to borrowers who were highly likely to default. Id. ¶ 3. Plaintiffs allege Defendants' abandonment of their stated underwriting practices led to "soaring default rates" in the mortgage loans underlying the Certificates, which in turn caused the market value of the Certificates to plummet. Id. ¶ 7. Plaintiffs are suing Defendants for common-law fraud, fraudulent inducement, negligent misrepresentation, and for violations of Minnesota's Prevention of Consumer Fraud Act (Minn. Stat. §§ 325F.68-325F.694), unlawful trade practices statute (Minn. Stat. § 325D.13), and Deceptive Trade Practices Act (Minn. Stat. §§ 325D.43-325D.48). Id. ¶¶ 217-82.

On October 18, 2012, Defendants removed this case to federal court based on 28 U.S.C. §1452, which provides for the removal of claims related to a bankruptcy case.[1] See Notice of

---

[1] Section 1452(a) of Title 28 allows a party to remove a civil cause of action if the federal district court has jurisdiction under 28 U.S.C. § 1334. In turn, 28 U.S.C. § 1334(b) gives federal district courts original but not exclusive jurisdiction over all civil proceedings that are "related to" cases under the Bankruptcy Code.

Removal ¶ 8. The Notice of Removal asserts that this case is related to the bankruptcy case of GMAC Mortgage, LLC ("GMAC Mortgage"), an entity that originated some of the loans underlying the Certificates. Id. ¶¶ 11-15. Defendant DLJ Mortgage Capital, Inc. ("DLJ") has filed a proof of claim in GMAC Mortgage's bankruptcy case. See Id. Ex. C. DLJ's proof of claim seeks indemnification from GMAC Mortgage for any loss sustained by DLJ in this action. Id. Ex. C, at 6-10 (Rider to Proof of Claim).

Plaintiffs seek remand to state court, arguing 28 U.S.C. § 1334(c)(2) mandates this Court to abstain from hearing this case. Alternatively, Plaintiffs argue the Court should exercise its discretion to remand under 28 U.S.C. §§ 1334(c)(1) or 1452 because equity weighs in favor of resolving this state law dispute between non-diverse parties in state court. Defendants oppose the motion to remand, and have moved to dismiss this case based on alleged pleading deficiencies in the Complaint.

## III. DISCUSSION

### A. Motion to Remand

Plaintiffs argue this case must be remanded because it is subject to mandatory abstention under 28 U.S.C. § 1334(c)(2). That provision states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Thus, the statute requires a federal district court to abstain if: (1) a timely motion is made; (2) the proceeding is based on a state law claim or cause of action; (3)

the basis for removal is "related to" jurisdiction; (4) the only basis for original jurisdiction in federal court is the bankruptcy filing; (5) the proceeding has already commenced in state court; and (6) the action can be timely adjudicated in state court. Buffets, Inc. v. LGI Energy Solutions, Inc., No. 09-548, 2009 WL 2929436, at *4 (D. Minn. Sept. 8, 2009) (citing In re Titan Energy, Inc., 837 F.2d 325, 333 n.14 (8th Cir. 1988) and In re Mo. Props., Ltd., 211 B.R. 914, 920 (Bankr. W.D.Mo. 1996)). Defendants conceded at oral argument that the first four requirements are met. However, the parties disagree as to whether the fifth and sixth elements for mandatory abstention have been satisfied.

**Fifth Requirement: Commenced in State Court**

Plaintiffs argue the fifth element-that the proceeding has already commenced in state court-is met here because this case was initially commenced in state court before removal to federal court. Defendants dispute that the removed action satisfies the fifth element, arguing this element requires the existence of a pending, parallel state court action. Defs.' Mem. Law Opp. Pls.' Mot. Abstain [Docket No. 27] at 11. Defendants reason that the purpose of mandatory abstention is to prevent duplicative parallel proceedings in state and federal court. As such, argue Defendants, mandatory abstention does not apply to removed actions, because removal of an action extinguishes the state court proceeding and leaves no duplicative litigation to avoid.

Of the six courts of appeals to have considered whether § 1334(c)(2) applies to cases removed under § 1452, five have concluded that it does. See Stoe v. Flaherty, 436 F.3d 209, 213-16 (3rd Cir. 2006); Mt. McKinley Ins. Co. v. Corning, Inc., 399 F.3d 436, 446-47 (2nd Cir. 2005); Christo v. Padgett, 223 F.3d 1324, 1331 (11th Cir. 2000); Southmark Corp. v. Coopers & Lybrand (*In re* Southmark Corp.), 163 F.3d 925, 929 (5th Cir. 1999); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 584 n.3 (6th Cir. 1990) (all holding mandatory abstention is

4

applicable to cases removed under § 1334(c)(2)); but see Farms Int'l Bhd. of Teamsters, 124 F.3d 999, 1009-10 (9th Cir. 1997) (holding § 1334(c)(2) does not apply to removed cases). The Eighth Circuit has yet to consider the issue, however the federal district and bankruptcy courts in Minnesota have followed the majority rule and applied the mandatory abstention provision to actions removed under § 1452(a). See St. Paul Fire & Marine Ins. Co. v. A.P.I., Inc., No. 05-139, 2005 WL 679072, at *2-3 (D. Minn. Mar. 23, 2005); Borchardt v. Farmers State Bank (*In re* Borchardt), 56 B.R. 791, 793 (D. Minn. 1986); Christensen v. St. Paul Bank for Coops. (*In re* Fulda Indep. Co-op.), 130 B.R. 967, 978 (Bankr. D. Minn. 1991).

The majority view will be followed here because it best comports with the text of § 1334(c)(2), which "requires only that an action 'is commenced' in a state forum, not that one is 'pending.'" In re Nat'l Century Fin. Enters., Inc., Inv. Litig., 323 F. Supp. 2d 861, 876 (S.D. Ohio 2004); see also Universal Well Servs., Inc. v. Avoca Natural Gas Storage, 222 B.R. 26, 31 (W.D.N.Y. 1998) ("The clear language of § 1334(c)(2) requires only that the action be 'commenced' in state court, not currently pending there."). Had Congress meant to require that a case be both "commenced" and "pending" in state court for mandatory abstention to apply, it would have included both terms, just as it did elsewhere in § 1334 when describing a "district court in which a case under title 11 *is commenced or is pending* . . . ." Stoe, 436 F.3d at 214 (quoting 28 U.S.C. § 1334(e)) (emphasis added in Stoe). The majority view also recognizes that "the existence of an ongoing state proceeding is not inherent in the nature of abstention. Burford, Pullman, and Thibodaux abstention, as well as other forms of abstention, apply without regard to the existence of an ongoing proceeding." Stoe, 436 F.3d at 213.

Thus, the fifth requirement of mandatory abstention is satisfied by the commencement of this case in state court.

**Sixth Requirement: Can be Timely Adjudicated in State Court**

The parties also dispute whether the sixth requirement-that the action can be timely adjudicated in state court-is met. Plaintiffs argue Ramsey County efficiently adjudicates its cases. In support, Plaintiffs have adduced statistics showing the Second Judicial District, which encompasses Ramsey County, is apace with its caseload. In 2011, the Second Judicial District had a clearance rate of 105% for major civil cases, meaning it disposed of 5% more major civil cases than were filed during that year. Madsen Aff. [Docket No. 19] Ex. 4, at 55. Data measuring the time to disposition and age of pending cases in 2011 shows the Second Judicial District disposed of 92% of all major civil cases in one year, and over 97.3% of all major civil cases within 18 months. Id. at 58. The Second Judicial District was also one of two districts in the state with the lowest percentage of all cases pending beyond 24 months, at only 3%. Id. at 23. Plaintiffs also argue that the complexity of this case does not prevent it from being timely adjudicated in state court. As evidence that the state court has significant experience in handling complex litigation, Plaintiffs list several complex cases over which the state court judge assigned to this case has presided.

Defendants respond that this case is significantly larger and more complex than the cases reflected in the statistics relied on by Plaintiffs. Defendants also question whether the funding crisis in the Minnesota Judicial Branch will leave the Judicial Branch with adequate resources to manage this type of complex litigation. Finally, Defendants argue the federal court is better equipped to efficiently supervise multi-state party and non-party discovery, and already has some familiarity with mortgage-backed securities litigation.

Defendants' skepticism as to whether the case can be timely adjudicated in state court cannot overcome the concrete evidence showing the Second Judicial District is fully capable of

6

timely adjudicating complex cases. Thus, the sixth and final requirement for mandatory abstention is met.

Because the requirements of mandatory abstention have been satisfied, the Court will remand the case to the District Court for Ramsey County, Minnesota pursuant to 28 U.S.C. § 1452(b). See St. Paul Fire & Marine Ins. Co., 2005 WL 679072, at *3 (remanding action to state court upon finding that mandatory abstention applied); In re Borchardt, 56 B.R. at 793-94 (same); In re Fulda, 130 B.R. at 978 (same).

**B.     Motion to Dismiss**

Because the Court is required to abstain from hearing this case, the Defendants' Motion to Dismiss need not be considered in federal court.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Remand or Abstain [Docket No. 16] is **GRANTED**;

2. Defendants' Motion to Dismiss [Docket No. 22] is not reached in federal court; and

3. This case is REMANDED to Ramsey County District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 26, 2013.